### CENTRAL OF GEORGIA RAILWAY COMPANY *v.* NEWMAN.

LUMPKIN, J. 1. A widow brought suit against a railway company, seeking to recover damages on account of the homicide of her husband, and setting out the manner in which it was alleged that he was killed by the train of the defendant. Upon the trial counsel for the defendant announced in open court that the defendant admitted liability for the homicide, that the only question which would be submitted to the jury was the amount for which the defendant was liable; and it was agreed that the plaintiff did not seek to recover punitive damages. In his charge the presiding judge stated in substance what the plaintiff alleged in her petition, informed the jury that the defendant admitted liability but denied that the plaintiff was entitled to recover the amount which she claimed, and instructed them that their investigation would be only as to that question. *Held,* that, while he might have more briefly stated the nature of the case, it was not error requiring a new trial that he stated in substance what the plaintiff alleged.

(*a*) The contention that this mode of informing the jury of the nature of the case was calculated to prejudice them, and to affect the amount of the damages allowed, is not sound, in view of the fact that the judge stated the allegations of the plaintiff only as such.

2. Where, in a suit by a widow against a railway company for the homicide of her husband, liability was admitted, and the only question for submission to the jury was the measure of damages, it was not error to charge, in the language of the Civil Code (1910), § 4425, that she was entitled to recover the full value of his life, "and that the full value of the life of the deceased, as shown by the evidence, is the

full value of the life of the deceased without deduction for necessary or other personal expenses of the deceased had he lived."

(a) Such a charge was not erroneous because there was certain evidence as to farming operations, in addition to a salary received by him, and because the court, in the absence of any request therefor, did not charge that from the gross production of his farm or other industries should be deducted the actual expenses of the operation thereof, or of such production, except his own personal or other necessary expenses. If such a charge had been desired, it should have been requested.

3. The evidence was sufficient to authorize the verdict, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Hill, J., disqualified.*

MAY 15, 1912.

Action for damages. Before Judge Freeman. Meriwether superior court. June 3, 1911.

*Battle & Hollis,* for plaintiff in error.

*W. T. Tuggle* and *H. A. Hall,* contra.